IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

OCWEN LOAN SERVICING, LLC                                                              PLAINTIFF

VS.                                                                              No. 4:06CV73-D-B

BARBARA BRANAMAN AND
ADAMS, EDENS &AKERS, P.A., as Trustee                                          DEFENDANTS

OPINION DENYING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is the Plaintiff's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be denied.

The Plaintiff initially filed this action on May 8, 2006. On August 9, 2006, the Plaintiff filed its motion for summary judgment. This motion was filed prior to the release of any initial disclosures and the holding of the case management conference. On August 23, 2006, the Plaintiff filed a motion to stay this action pending the outcome of its summary judgment motion. In an order dated August 23, 2006, Magistrate Judge Eugene Bogen granted the motion to stay. Thus, there has been no discovery conducted in this case and no disclosures by either party.

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing . . . that there is an absence of evidence to support the non-moving party's case" Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" <u>Celotex Corp.</u>, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not

discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

At this juncture, the Court finds that the Plaintiff's motion for summary judgment is premature. The parties have not participated in discovery and it appears that the Plaintiff has almost exclusive access to the evidence. Although Rule 56 allows a party to move for summary judgment "at any time," the granting of summary judgment is limited until "after adequate time for discovery." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2551. A grant of summary judgment is premature and improper when basic discovery has not been completed, especially when the moving party has almost exclusive access to the evidence supporting the non-moving party's claims. 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil §2741 at 412-419 (3d 1998). As such, the Court finds that the motion for summary judgment is premature. However, the Plaintiff will be allowed to resubmit its motion for summary judgment at the close of discovery.

Therefore, the Court will deny the Plaintiff's motion for summary judgment without prejudice. The Court finds that the Stay shall be lifted and discovery shall proceed. The Plaintiff will be allowed to reassert its motion for summary judgment at the close of discovery.

A separate order in accordance with this opinion shall issue this day.

This the 16th day of March 2007.

/s/ Glen H. Davidson
Chief Judge