**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**OCWEN LOAN SERVICING, LLC**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**CAUSE NO.: 4:06-CV-73**

**BARBARA BRANAMAN and**
**ADAMS, EDENS & AKERS, P.A., as Trustee**　　　　　　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION ON SUMMARY JUDGMENT

This cause is before the court on Plaintiff's Motion for Summary Judgment. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the Court finds that the motion should be GRANTED in part and DENIED in part. The court specifically finds as follows:

*A. Factual and Procedural Background*

On October 11, 2002, Barbara Branaman executed a promissory note in the amount of $100,000 for property located at 416 West Harding Street in Greenwood, Mississippi. As security for that note, Branaman also executed and delivered the Deed of Trust for the land and the dwelling thereon to Adams, Edens & Akers, P.A., as trustees.

Wells Fargo Bank, N.A., subsequently bought the promissory note and Deed of Trust executed by Branaman. Ocwen Loan Servicing ("Ocwen"), as loan servicer for Wells Fargo, instituted this suit asserting that it was entitled to enforce the rights, title and interest in and to the Note and Deed of Trust on Wells Fargo's behalf.[1] Ocwen filed a complaint against Branaman and Adams, Edens & Akers, P.A. (hereinafter referred to as Defendants) in federal court on August 9,

---

[1] The parties do not dispute that Ocwen has the right to enforce the legal rights of Wells Fargo Bank, N.A. Therefore, throughout this memorandum opinion, the rights and interests of Wells Fargo may be referred to as being Ocwen's rights. This reference is not intended to grant to Ocwen those rights held by Wells Fargo.

2006, alleging that Branaman was in default under her Note and corresponding Deed of Trust. Moreover, Ocwen asserts it is entitled as holder of the first lien on the property to foreclose on the property listed in the description attached to the deed of trust. Ocwen also seeks a judgment against Defendants for the entire outstanding indebtedness, attorneys' fees, trustee's fees, costs and interest.

Branaman contends that she has no liability to Ocwen because of supposed fraud in the loan transaction. Indeed, Branaman incorporated all filings from the prior and ongoing judicial proceedings surrounding the loan transaction entered into on October 11, 2002. Those actions are noted here as the following: <u>Branaman v. Coldwell Banker Real Estate Corp.</u>, Cause No. 2004-0124-CICI, Circuit Court of Leflore County, Mississippi, and <u>Smith v. Coldwell Banker Real Estate Corp.</u>, Cause No. 4:05cv166, United States District Court for the Northern District of Mississippi, Greenville Division.[2] The actions and specifics surrounding the negotiation and loan closing are not at issue today, although some facts and arguments will be discussed below in order to fully analyze the claims at issue on summary judgment.

After discovery was completed, Ocwen filed a motion for summary judgment on the basis that no genuine issues of material fact were present because Ocwen, on behalf of Wells Fargo, a bona fide purchaser for value and holder in due course, is entitled to the remedy of foreclosure against Barbara Branaman and recovery of the amount of indebtedness plus attorneys' fees. Specifically, Ocwen contends that it has demanded that Branaman keep her loans current, and Branaman has refused to honor that obligation. Ocwen asserts that neither it, nor Wells Fargo, had any notice of infirmity or defects in the title or person negotiating that title. Further, Wells Fargo was under no

---

[2]Branaman has actually been terminated as a plaintiff in this action as she agreed to arbitration of her cause of action by stipulation dated November 12, 2007 [Docket 627].

duty to monitor the Defendants' loan transaction prior to purchasing the loan from the original funding lender.

In response, the Defendants assert that many questions of fact remain, one of which is whether Ocwen, as servicing agent for the loan, can claim the status of holder in due course under Mississippi Code Section 75-3-302. Another question the Defendants maintain is whether Ocwen purchased the note "in good faith" so as to qualify as a holder in due course under that same Mississippi statute. Further, the Defendants contend that discrepancies in the documents themselves should have and did put Wells Fargo and Ocwen on notice of possible fraud, therefore precluding their status as holders in due course.

*B. Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Id. at 323, 106 S. Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548; Willis v. Roche Biomedical Labs., Inc., 61 F.3d

313, 315 (5th Cir. 1995). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

While the Court acknowledges that the holder of a negotiable paper is presumed to be a prima facie holder in due course, the burden to prove that the holder is not entitled to recover upon the note is cast on the party seeking to escape its' provisions. See Emanuel & Barnett v. White, 34 Miss. 56 (1857). In a summary judgment context, therefore, Ocwen may rely on its prima facie case as a holder in due course, but then must also prove that the Defendants cannot establish a genuine issue of fact as to denial of that status. Practically, this means that Ocwen bears the burden of proving it is a holder in due course, and that the Defendants could not present any evidence of fraud to rebut that status.

*C. Discussion*

Ocwen asserts that as a bona fide purchaser and a holder in due course of Branaman's loan, Wells Fargo and Ocwen, as its servicer, are entitled to all the protections accorded to holders in due

4

course statutorily.[3]

> Mississippi Code Section 75-3-302 defines a holder in due course as follows:
>
> [A] "holder in due course" means the holder of an instrument if:
>
> (1) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
>
> (2) The holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in Section 75-3-306, and (vi) without notice that any party has a defense or claim in recoupment described in Section 75-3-305(a).

Miss. Code Ann. § 75-3-302(a) (2008).

Holder in due course status confers the right to enforce the negotiable instrument upon the holder. Miss. Code Ann. § 75-3-301. Therefore, if Wells Fargo is found to be a holder, Ocwen would be entitled to enforce the promissory note and the relief that instrument provides. The court must determine whether Wells Fargo is a holder in due course of the Note such that Ocwen may enforce Wells Fargo's rights in that Note against Branaman.

*D. Analysis*

In her Leflore County Circuit Court action and other federal court suit complaints, Branaman has alleged that the loan documents evidencing the loan serviced by Ocwen were fraudulently altered leading to her payment of excessive fees and the fraudulent inflation of her home's value. In reviewing Branaman's complaint from the Leflore County Circuit Court, which she has made part

---

[3]Ocwen concedes that the holder in due course status only applies to negotiable instruments such as the promissory note at issue here, not the deed of trust.

of this action's record, Branaman alleges that the Defendants in that case "forged documents and/or concealed documents so as to enable the lender Delta Funding Corporation to sell the loan to other unsuspecting buyers." Interestingly, Branaman has not sought relief or brought a complaint against Wells Fargo or Ocwen for any such fraud. However, Branaman claims that under the principal that a purchaser only possesses those rights possessed by the seller of the note, Ocwen is not entitled to the holder in due course status because of the forgery and alteration of the loan documents by the previous owner.

Specifically, she notes that discrepancies on the face of the loan documents, including the Application, Promissory Note, Deed of Trust, and HUD Settlement Statement documents, were such that Wells Fargo, and therefore Ocwen, was or should have been on notice that significant irregularities existed such that Wells Fargo cannot claim to be a holder in due course. The Defendants allege that there are four (4) separate loan applications in the file, each with contrary information in them, i.e., whether Branaman paid rent or not, had any assets, or had any income. Additionally, she asserts that a comparison of the seller's signature on the Warranty Deed and Secretary of State listing proves that there was a forgery. Moreover, the Defendants asserts that Wells Fargo should have been aware of fraud based on the allegedly inconsistent signatures of Barbara Branaman throughout the loan file.

The Plaintiff responds that the Defendants have not alleged any forgery or alteration as far as the promissory note is concerned. The Defendants, Ocwen asserts, have presented no evidence of actual fraud, only allegations of fraud. Further, Ocwen notes that the Defendants rely on the listing of potential issues of material fact without providing any substantial evidence to prove that these are actual issues. Indeed, no affidavits were attached to the Defendants' response to summary

6

judgment and the only documents accompanying that response were those which the Defendants alleged forgery without any proof that the signature were forged.

"Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." Liberty Leasing Co. v. Hillsum Sales Corp., 380 F.2d 1013, 1015 (5th Cir. 1967). Accordingly, while the Defendants have alleged a potential forgery in the loan documents, no specific evidence has been presented which casts doubt on the authenticity of the promissory note signed by Barbara Branaman on October 11, 2002. Therefore, under the first prong of the holder in due course analysis, the Plaintiff has proven that no genuine issue of material fact remains as to Wells Fargo and Ocwen's status as holders in due course.

The Plaintiff offers the affidavit of Marshelle Hawk, Loan Analyst for Ocwen Loan Servicing and custodian of Barbara Branaman's loan documents. She notes that "[b]y way of assignment, Wells Fargo is the current lawful beneficiary and holder of said Note." Further, she states that "Ocwen is the current servicer of Defendant's loan, with all of its rights, title and interest in and to the afeoresaid Note and Deed of Trust, together with the land, property, and contractual rights contained therein, all indebtedness secured thereby, and all the rights, privileges and powers under the terms thereof." She avers that

> The Defendant's loan was sold to Wells Fargo. Wells Fargo designated Ocwen as its loan servicer. Ocwen was not involved in the negotiation of the Defendant's loan and neither Wells Fargo nor Ocwen ever met with the Defendant. No agent of Wells Fargo or Ocwen ever contacted, spoke to, corresponded or communicated with the Defendant at the time her loan was consummated.

The Defendants contend that an affidavit does not prove assignment to Wells Fargo, and therefore, the Plaintiff has no standing. However, Ocwen produced a Mississippi Assignment of Deed of Trust and Allonge to prove Wells Fargo's status as holder of the Note. Even prior to Ocwen

7

submitting this Assignment, it had entered into the record its documents evidencing the amount paid for Branaman's loan and the date that loan entered into Wells Fargo's investment pool. Additionally, the Court finds that Branaman has never raised standing of Ocwen as an issue in this case and has admitted the assignment from Delta Funding Corporation to Wells Fargo.[4] Therefore, such argument is precluded from being asserted on the eve of trial.

The Defendants contention that Wells Fargo had notice of Branaman's potential lawsuit when they purchased the loan is also disingenuous. Wells Fargo obtained Branaman's loan in or around December of 2002. Branaman filed her state court lawsuit on August 31, 2004, and filed her federal lawsuit on July 18, 2005. Moreover, she contends that when Wells Fargo obtained her loan file, that file may have included a letter from her attorney to a Colorado law firm in which her counsel references a letter to foreclose on Branaman's home. She contends that the letter would have provided notice to Wells Fargo of the alleged fraud. However, based on the evidence in front of the court, Branaman's loan was assigned to Wells Fargo in December of 2002. Branaman's counsel's letter to the Colorado law firm is dated July 16, 2003. Therefore, even if the letter was in the file, it had already been transferred and Wells Fargo had already assumed the position of holder in due course. Ocwen has produced uncontested evidence and has expressly documented the fact that it purchased the rights to Branaman's loan for value, in good faith, without notice of uncured default and without notice of impropriety.

---

[4]In her answer, Branaman asserts, "This Defendant is advised that an entity known as Ocwen Federal Bank FSB acquired her mortgage loan from an entity known as Delta Funding Corproation." In the state court complaint filed by Barbara Branaman, she expressly recognizes that Ocwen Federal Bank, FSB is a successor and assign of Delta Funding Corporation. Moreover she notes that her insurance company "mailed a letter to Ocwen Federal Bank, FSB who had acquired the plaintiff's loan from Delta Funding Corporation . . ."

8

In appraising the evidence presented on Ocwen's motion, the Court finds as follows: Wells Fargo is the current holder of Branaman's Promissory Note and Deed of Trust. Ocwen was unaware of any of the allegations raised in this lawsuit when it bought the Plaintiff's loan after closing. Therefore, Wells Fargo is a holder in due course of the subject Promissory Note. All claims of fraud alleged against Wells Fargo are based solely upon unsupported theories of vicarious liability for the allegedly wrongful acts of an unrelated lender. None of the defendants in the other actions were agents of Wells Fargo or Ocwen, and therefore Ocwen is a bona fide purchaser in good faith and for value and is entitled to all the protections accorded to holders in due course.

The Court finds further support for finding that Ocwen has satisfied its burden in proving holder in due course status in the case Carson v. McNeal, 375 F. Supp. 2d 509 (S.D. Miss. 2005). In that case, the plaintiffs/mortgagors sued The Provident Bank, to whom their loans were sold alleging that Provident, along with others conspired to target categories of persons in economic distress to refinance their mortgages and charge unreasonable fees. Id. at 512. Further, plaintiffs alleged that false representations were made causing Provident to breach its good faith and fair dealing obligations. Id.

Notably, Provident presented similar evidence to the case sub judice. Provident put forth an affidavit declaring that Provident was "unaware of any irregularities in the origination of closing of the [plaintiffs] loans at the time of their purchase." However, the plaintiffs asserted that the buyer was or should have been aware of irregularities in the loan documents and cited several alleged deficiencies. Id. at 516. The district court stated that "these circumstances which plaintiffs suggest tend to undermine Provident's claim to be a holder in due course do not create a triable issue of fact." Id. Moreover, the plaintiffs in Carson further alleged that forged signatures on the loan

documents invalidated Provident's holder in due course status. The Court held this proof to be "woefully insufficient to create a genuine issue of fact." Id. at 517.

The district court granted summary judgment as requested by Provident on the grounds that Provident was not vicariously liable for acts or omissions of the funding lender because Provident itself was not the funding lender, nor the agent for the funding lender. Id. at 512. Provident was entitled to all protections afforded a holder in due course; and the Plaintiffs' notes and deeds of trust were held valid and enforceable as a matter of law. Id.

Likewise, here the evidence clearly shows that Delta Funding Corporation was an independent lender, whose relationship with Wells Fargo was that of buyer and seller, not principal and agent. Therefore, Wells Fargo and Ocwen cannot be held vicariously liable for Delta Funding Corporation's alleged conduct.

Accordingly, Plaintiff is entitled to summary judgment on the basis that a holder in due course is entitled to enforce the promissory note. See Miss. Code Ann. § 75-3-301 (2008) (defining a person entitled to enforce an instrument as the holder of the instrument).

The Court, finding that Wells Fargo is a holder in due course, now looks to the contractual language in the promissory note to determine Ocwen's rights under the Note. First, Branaman acknowledged by way of Requests of Admissions, that she voluntarily executed the Adjustable Rate Note at issue in this lawsuit. That Note required her to "make principal and interest . . . payments every month" . . . "until I have paid all of the principal and interest and any other charges described below that I may owe." Additionally, "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." Indeed, the Note requires:

> If I am in default for any reason, you have the right to demand payment of the entire

> amount I owe you. If Lender requires payment in full or in the event of a foreclosure action, I agree to pay reasonable legal fees, principal and interest, costs and disbursements, allowances and additional allowances as may be awarded by any judgment of foreclosure and sale added thereto, and that such total amount shall be paid by me with interest, up to the day you actually receive such payment, even after a judgment of foreclosure and sale is granted; in the event of a default, your interest rate will be the greater of the adjusted Note rate of 16%.

The contractual provisions further require Wells Fargo, as Lender to provide the Borrower, Branaman, notice of acceleration if Wells Fargo exercises the option to require immediate payment in full.

The Court understands Ocwen seeks the acceleration remedy, but is neither aware of any evidence produced of notice given, nor a proper accounting of amounts owed under the Note. Therefore, before ordering any relief to Plaintiff, other than judicial notice of their status as holders in due course, Ocwen must present evidence that Branaman was in default, that Ocwen properly provided notice, and that outstanding fees and payments are due, as well as reasonable attorneys' fees. Accordingly, Plaintiff's request for summary judgment as to the rights Ocwen has under the Note is hereby denied.

*E. Conclusion*

Under Mississippi law and as a holder in due course, Wells Fargo therefore is immune to any claim of impropriety against its predecessor in interest. See <u>Stuckey v. Provident Bank</u>, 912 So. 2d 859, 871 (Miss. 2005). Accordingly, Branaman may not rely on allegations of fraud against the funding lender to prevent the foreclosure of her home. Wells Fargo and Ocwen may have a right to enforce the promissory note executed on October 11, 2002. However, the Court is not satisfied that Ocwen has proven all necessary to enforce such Note. Therefore, trial must commence regarding default and the proper actions taken in order for Ocwen to recover, including the amount that Ocwen

may or may not be entitled to under the Note. Although the parties are satisfied that Ocwen may enforce the rights of Wells Fargo, the Court requests that such proof of authority be attached to the Pretrial Order so that standing may be substantiated in the record.

A separate order shall issue forth this day.

SO ORDERED, this the   26th   day of March, 2008.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**